1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                              AT TACOMA

8  JEAN PIERRE REY and ILZE
   SILARASA,                                CASE NO. C14-5093 BHS
9
                        Plaintiffs,
10                                          ORDER DENYING PLAINTIFFS'
                                            MOTION TO APPOINT A
            v.                              RECEIVER AND REQUIRING
11                                          DEFENDANTS TO SHOW
   MICHEL REY, et al.,                      CAUSE
12
                        Defendants.
13

14
          This matter comes before the Court on Plaintiffs Jean Pierre Rey and Ilze
15
   Silarasa's ("Plaintiffs") motion to appoint a receiver (Dkt. 19). The Court has considered
16
   the pleadings filed in support of and in opposition to the motion and the remainder of the
17
   file and hereby denies the motion for the reasons stated herein.
18
                              I. PROCEDURAL HISTORY
19
          On January 31, 2014, Plaintiffs filed a complaint against Defendants Michel Rey,
20
   Renee Rey, US Investment Group Corporation, US Growing Investments, Inc., Visitrade,
21
   Inc., Builders Surplus Northwest, Inc., and Nevawa, Inc. (collectively "Defendants").
22

ORDER - 1

1  Dkt. 1.  Plaintiffs assert numerous causes of actions based on alleged breach of contract

2  and alleged abuse of a power of attorney.  *Id*.

3        On March 13, 2014, Plaintiffs filed a motion for appointment of a receiver for the

4  Defendant corporations and for the personal property in the possession of the individual

5  Defendants.  Dkt. 19.  On, March 24, 2014, Defendants responded.  Dkt. 27.  On March

6  28, 2014, Plaintiffs replied.  Dkt. 37.

7                                  **II. FACTUAL BACKGROUND**

8        This matter involves numerous business dealings between two brothers, Plaintiff

9  Jean Pierre Rey and Defendant Michel Rey.  Jean Pierre alleges that Michel has made

10  secret transfers of money and assets to various corporations.  *See, e.g.*, Dkt. 14 at 4–6.

11  On the other hand, Michel Rey alleges that Jean Pierre knew of all of the transfers and

12  transactions and that Jean Pierrre has only become interested in the Defendant

13  corporations' dealings and assets after experiencing severe financial difficulties in late

14  2013.  *See, e.g.*, Dkt. 27 at 3–7.

15                                       **III. DISCUSSION**

16        Federal law governs appointment of a receiver when the federal court's

17  jurisdiction is based on diversity.  *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837,

18  842-843 (9th Cir. 2009).  The court has "broad discretion" to appoint a receiver, based on

19  a "host of relevant factors."  *Id*. at 845. The factors include, but are not limited to:

20        (1) whether [the party] seeking appointment has a valid claim; (2) whether
           there is fraudulent conduct or the probability of fraudulent conduct by the
21        defendant; (3) whether the property is in imminent danger of being lost,
           concealed, injured, diminished in value or squandered; (4) whether legal
22        remedies are inadequate; (5) whether the harm to plaintiff by denial of the

1    appointment would outweigh injury to the party opposing appointment; (6)
     the plaintiff's probable success in the action and the possibility of
2    irreparable injury to plaintiff's interest in the property; and (7) whether
     [the] plaintiff's interests sought to be protected will in fact be well served
3    by the receivership.

4  *Id.* at 844 (citations and quotations omitted).  "[N]o one factor is dispositive." *Id.* at 845.

5  "[A]ppointing a 'receiver is an extraordinary equitable remedy,' which should be applied

6  with caution." *Id.* (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d

7  314, 316 (8th Cir. 1993)).

8          In this case, Plaintiffs have failed to show that appointing a receiver is necessary

9  or appropriate.  This matter involves numerous questions of facts with vastly divergent

10  stories regarding the parties' relationships and business dealings.  A review of Plaintiffs'

11  proposed order shows the extent of the findings of fact the Court would have to make in

12  order to grant relief at this early stage of the proceeding.  The Court would essentially be

13  forced to adopt Plaintiffs' version of events over Defendants', which is extraordinary and

14  inappropriate now.  Moreover, Plaintiffs have failed to show that any property is in

15  imminent danger of being lost or squandered.  Therefore, the Court denies Plaintiffs'

16  motion to appoint a receiver.

17         Defendants, however, have conceded that less drastic remedies are appropriate.

18  Specifically, Defendants assert that they

19         are prepared to comply with the following conditions: (i) Defendants will
            provide Plaintiffs with monthly expense reports certified by Michel Rey
20         and Bryan Luque; (ii) Defendants will not dispose of any of the properties
            held by the corporations without prior court approval; (iii) there would be
21         no distributions from the corporations to Michel Rey beyond his normal
            salary of $4,000 per month; (iv) there would be an allowance for attorneys'
22         fees for this matter with the aggregate amount showing in the financial

1  statements; and (v) the parties would be able to revisit the preceding
conditions at any time.

2

3  Dkt. 27 at 11. The Court finds that these conditions may be appropriate as protection for

4  Plaintiffs' concerns regarding the corporations or personal property while this matter

5  proceeds. Therefore, the Court requests that Defendants show cause, if any they may

6  have, why the Court should not enter an order requiring that these conditions be imposed.

7  If Defendants have no objections to these conditions, the parties may meet and confer and

8  file a stipulated motion. Regardless, Defendants are required to file either a response or a

9  stipulated motion no later than May 2, 2014.

### IV. ORDER

10

11  Therefore, it is hereby **ORDERED** that Plaintiffs' motion to appoint a receiver

12  (Dkt. 19) is **DENIED** and Defendants must **SHOW CAUSE** or otherwise respond no

13  later than May 2, 2014.

14  Dated this 10th day of April, 2014.

15

16  _____
BENJAMIN H. SETTLE
United States District Judge

17

18

19

20

21

22

ORDER - 4