UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEAN PIERRE REY and ILZE SILARASA,

            Plaintiffs,

  v.

MICHEL REY, et al.,

            Defendants.

CASE NO. C14-5093 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Builders Surplus Northwest Inc., Nevawa, Inc., Michel Rey, Renee Rey, US Growing Investments Inc., US Investment Group Corporation, and Visitrade, Inc.'s ("Defendants") motion to dismiss (Dkt. 36). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## PROCEDURAL HISTORY

On January 31, 2014, Plaintiffs Jean Pierre Rey and Ilze Silarasa ("Plaintiffs") filed a complaint against Defendants alleging numerous causes of action.  Dkt. 1.

Plaintiffs alleges that the case "involves defendant Michel Rey's abuse of his fiduciary obligations under a Power of Attorney provided by his brother, Jean Pierre Rey." *Id.*, ¶ 10.  Plaintiffs assert seven causes of action: (1) breach of the Power of Attorney ("POA"); (2) breach of fiduciary duties pursuant to POA; (3) breach of fiduciary duties based on special relationship; (4) appointment of a receiver; (5) accounting; (6) injunctive relief; and (7) conversion and return of property.  *Id.*, ¶¶ 46–73.

Plaintiff Jean Pierre also alleges that he was the sole shareholder of a company named Euroinvest SA ("Euroinvest").  *Id.*, ¶ 42.  After the sale of Euroinvest fell through, the proposed buyer, Eltefi, Ltd., brought a criminal complaint against Jean Pierre.  *Id.*, ¶ 44.  While that litigation was pending, "two documents dated September 3, 2012 and November 23, 2012 were signed by Jean Pierre Rey and Michel Rey stating that Jean Pierre Rey had transferred his shares of Euroinvest SA to Michel Rey."  *Id.*, ¶ 45.  Plaintiffs allege that the "September 3, 2012 and November 23, 2012 documents were never implemented, however, and no shares of Euroinvest, SA were ever actually transferred to Michel Rey by Jean Pierre Rey."  *Id*.  Plaintiff also allege that "Michel Rey's stated justification for his violation of the Power of Attorney" was the "September 3, 2012 and November 23, 2012 documents regarding Euroinvest, SA that had demonstrably never been implemented."  *Id.*, ¶ 48.

On March 27, 2014, Defendants filed a motion to dismiss based on a forum selection clause in the November 23, 2012 document.  Dkt. 36.  On April 14, 2014, Plaintiffs responded.  Dkt. 42.  On April 18, 2014, Defendants replied.  Dkt. 44.

**DISCUSSION**

As a threshold matter, Plaintiffs assert and Defendants concede that under recent Supreme Court precedent Defendants should have filed a Rule 12(b)(6) motion instead of a Rule 12(b)(3) motion. The Court finds that this technical deficiency is not sufficient cause to deny the motion because the substantive case law and standards are still applicable despite the procedural error.

When considering a forum selection clause, the Court must determine whether Plaintiffs' claims relate in some way to the contract containing the clause. *Manila Industries, Inc. v. Ondova Ltd. Co.*, 334 Fed. Appx. 821, 822 (9th Cir. 2009). Claims are within the scope of the agreement if the claims "cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id*. (quoting *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)). The Court must draw reasonable inferences and resolve factual conflicts in favor of the non-movant, but the Court need not accept the non-movant's pleadings as true and may consider facts outside the pleadings. *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013).

In this case, Plaintiffs admit in their complaint that Defendant Michel's defense will be based on the agreement containing the forum selection clause. Specifically, Plaintiffs allege that "Michel Rey's stated justification for his violation of the Power of Attorney" was the "September 3, 2012 and November 23, 2012 documents regarding Euroinvest, SA that had demonstrably never been implemented." *Id.*, ¶ 48. Although this allegation should end the discussion, Plaintiffs advance numerous arguments that their claims do not relate to the November 23, 2012 agreement. First, arguing for

1    enforcement of the agreement, Plaintiffs contend that the agreement contains a limiting

2    clause stating that it does apply to other assets.  Dkt. 42 at 9.  But, the question before the

3    Court is whether the claims may be adjudicated without determining whether the parties

4    were in compliance with another contract.  When Plaintiffs admit that Michel's defense is

5    based on the November 23, 2012 agreement, they essentially answer the question that

6    compliance with the other contract must be resolved.  Therefore, the Court finds that this

7    argument is without merit.

8           Second, switching course, Plaintiffs argue that the contract is unenforceable

9    because it was never implemented.  Dkt. 42 at 10.  They claim that this is a question of

10   fact that, for the purposes of this motion, must be resolved in favor of Plaintiffs.  *Id*.

11   Whether a contract is enforceable is a question of law.  Therefore, the Court finds that

12   this argument is without merit.

13          Third, Plaintiffs argue that the alleged violations of the Power of Attorney may be

14   determined without interpretation of the November 23, 2012 agreement.  Dkt. 42 at 10–

15   13.  This argument, however, is based on conclusions of law that Plaintiffs consider

16   reasonable inferences.  For example, Plaintiffs assert that the "inferences and factual

17   disputes over the existence of an oral agreement" must be resolved in Plaintiffs' favor for

18   the purposes of this motion.  Again, the existence of an agreement is a question of law.

19   Moreover, in order to determine whether Michel's transfers were "secret" or a result of

20   the Euroinvest deal, the resolution of the Euroinvest deal must necessarily be determined.

21   Otherwise, this Court would be engaging in pure speculation and issuing advisory

22

opinions based on unknown contractual relations resulting from the conclusion of the Euroinvest deal.

Finally, Plaintiffs rely on equitable principles arguing that the dispute over the POA should be resolved in this forum.  Dkt. 42 at 13–16.  The only issue that has merit is the appointment of a receiver to manage the corporate Defendants.  The Court, however, denied Plaintiffs' request for a receiver *before* Plaintiffs filed their response to this motion.  *See* Dkt. 41.  Moreover, Defendants have agreed to certain conditions to maintain the assets of the corporations and to keep Plaintiffs regularly informed as to the financial dealings of the corporations.  *See* Dkt. 50.  There is no reason to believe that such conditions could not be imposed or stipulated to during the proceeding in Geneva.  Therefore, the Court finds no equitable reason to deny Defendants' motion.

## ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 36) is **GRANTED**.  The Clerk shall close this case.

Dated this 2nd day of June, 2014.

BENJAMIN H. SETTLE  
United States District Judge