UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEAN PIERRE REY and ILZE
SILARASA,

                    Plaintiffs,

          v.

MICHEL REY, et al.,

                    Defendants.

CASE NO. C14-5093 BHS

ORDER DENYING  PLAINTIFFS'
MOTION FOR
RECONSIDERATION

This matter comes before the Court on Plaintiffs Jean Pierre Rey and Ilze

Silarasa's ("Plaintiffs") motion for reconsideration (Dkt. 58).

On June 2, 2014, the Court granted Defendants Builders Surplus Northwest, Inc.,

Nevawa, Inc., Michel Rey, Renee Rey, US Growing Investments, Inc., US Investment

Group Corporation, and Visitrade, Inc.'s ("Defendants") motion to dismiss.  Dkt. 51.  On

June 16, 2014, Plaintiffs filed a motion for reconsideration.  Dkt. 58.

Motions for reconsideration are governed by Local Rule CR 7(h), which provides

as follows:

          Motions for reconsideration are disfavored. The court will ordinarily
          deny such motions in the absence of a showing of manifest error in the

1      prior ruling or a showing of new facts or legal authority which could not
       have been brought to its attention earlier with reasonable diligence.
2
Local Rule CR 7(h)(1).
3
       In this case, Plaintiffs (1) argue that the Court committed manifest error and (2)
4
submit new facts that could not have been brought to the Court's attention earlier.  Dkt.
5
58.  First, the Court did not commit manifest error in determining the legal question
6
presented.  The Court concluded that compliance with the previous contracts must be
7
resolved before Plaintiffs' current claims can be resolved.  Dkt. 51 at 3–4.  That
8
conclusion is not clearly erroneous.
9
       Second, the Court also did not commit manifest error by resolving a factual
10
dispute.  Plaintiffs cite a recent opinion from this Court in which the Court concluded that
11
there was a question of fact regarding the enforceability of a forum selection clause.  Dkt.
12
58 at 3 (citing *Moxley v. Kindred Nursing Ctrs. W., LLC*, 2013 WL 6813856 (W.D.
13
Wash. Dec. 24, 2013)).  In *Moxley*, the plaintiff alleged that defendants fraudulently
14
signed her name to the contract containing the forum selection clause, which is a question
15
that must be resolved before the contract may be enforced.  *Id.*; *see also Manetti-Farrow,*
16
*Inc. v. Gucci America, Inc.*, 858 F.2d 509, 515 (9th Cir. 1988) ("Forum selection clauses
17
are *prima facie* valid, and are enforceable absent a strong showing by the party opposing
18
the clause that enforcement would be unreasonable or unjust, or that the clause [is]
19
invalid for such reasons as fraud or overreaching.") (internal quotation omitted)).
20
Plaintiffs' allegation that the contract in question was never "implemented" fails to
21
overcome the clause's *prima facie* validity.  Moreover, failure to "implement" is not an
22

ORDER - 2

1  issue regarding formation of the contract in question.  Such an allegation sounds more as

2  an issue regarding performance and/or breach.

3          Third, Plaintiffs submit new facts in support of Plaintiffs' position that the

4  previous contract was never implemented.  Dkts. 59 & 60.  That position, however, has

5  already been rejected by this Court as irrelevant to the issue of the enforceability of the

6  forum selection clause.

7          Finally, Plaintiffs assert that it is inequitable to dismiss Plaintiffs' claims because

8  they now have no protection over the assets in question.  Dkt. 58 at 5.  They, however,

9  admit that enforcement of an order from a Swiss court is possible.  Dkt. 58 at 5.

10  Moreover, Plaintiffs did not request that this Court stay the action pending resolution of

11  the Swiss proceeding.  While such an action is within the Court's discretion, the Court

12  will not *sua sponte* implement a stay.

13          Therefore, Plaintiffs' motion for reconsideration is **DENIED**.

14          **IT IS SO ORDERED**.

15          Dated this 19th day of June, 2014.

16

17                                                          _____

                                                            BENJAMIN H. SETTLE

18                                                          United States District Judge

19

20

21

22