UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEAN PIERRE REY and ILZE SILARASA,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>MICHEL REY, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C14-5093 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER IN PART, RESERVING RULING IN PART, AND SETTING HEARING |

This matter comes before the Court on Plaintiffs Jean Pierre Rey and Ilze Silarasa's ("Plaintiffs") motion for temporary restraining order (Dkt. 126).

On January 31, 2014, Plaintiffs filed a complaint against Defendants Builders Surplus Northwest Inc., Nevawa, Inc., Michel Rey, Renee Rey, US Growing Investments Inc., US Investment Group Corporation, and Visitrade, Inc. ("Defendants") alleging numerous causes of action. Dkt. 1.

On March 13, 2014, Plaintiffs filed a motion for appointment of a receiver for the Defendant corporations and for the personal property in the possession of the individual Defendants. Dkt. 19. On April 10, 2014, the Court denied the motion concluding in part

ORDER - 1

that "Plaintiffs have failed to show that any property is in imminent danger of being lost or squandered." Dkt. 41 at 3. The Court also ordered Defendants to show cause why certain conditions that the parties appeared to agree on should not be imposed "as protection for Plaintiffs' concerns regarding the corporations or personal property while this matter proceeds." *Id*. at 4. On May 2, 2014, Defendants responded stating that the parties agreed to certain conditions with the exception of whether corporate assets may be used to pay Defendants' attorneys' fees. Dkt. 45. On May 28, 2014, the Court entered Defendants' proposed order imposing the following conditions:

1. Defendants shall, by the twentieth day of each month, provide Plaintiffs with financial statements for the preceding month for each of the corporate Defendants. These financial statements shall include: (a) a Balance Sheet, (b) a Profit and Loss Statement, and (c) a Cash Flow Statement. These statements shall be certified as true and accurate by Michel Rey and Bryan Luque.
2. Defendants shall not further encumber or transfer any of the properties held by the corporate Defendants without obtaining prior court approval.
3. Michel Rey may continue to take his normal salary of $4,000 for his work in management of the corporate Defendants. Beyond this amount, Michel Rey shall take no personal distributions from the corporate Defendants without prior court approval.
4. Defendants may use their assets to pay for attorneys' fees and costs incurred for the defense of this litigation, provided that the aggregate amount of such fees and costs shall be shown in the financial statements provided each month to Plaintiffs.
5. The parties shall be allowed to revisit the conditions just enumerated with the Court at any time by filing a Motion requesting appropriate relief.

Dkt. 50 at 1–2.

On June 2, 2014, the Court granted Defendants' motion to dismiss and entered judgment two days later. Dkts. 51, 52.

On June 27, 2014, Plaintiffs filed a notice of appeal. Dkt. 67. On April 14, 2015, the Ninth Circuit granted Plaintiffs' motion for stay or injunction pending appeal and

imposed the same conditions as the Court "pending further order of [the Ninth Circuit]." Dkt. 101. On April 20, 2014, the circuit approved Defendants' motion to engage in some business transactions and imposed the previous conditions on the resulting assets. Dkt. 102. On December 8, 2015, the circuit summarily approved additional transactions. Dkt. 104.

On December 20, 2016, the circuit affirmed in part, reversed in part, and remanded. Dkt. 106. On February 3, 2017, the circuit issued its mandate. Dkt. 109.

On June 2, 2017, Plaintiffs filed the instant motion for a temporary restraining order alleging that Defendant Michel Rey ("Michel") has been transferring assets of the Defendant corporations to properties and holding companies in Costa Rica. Dkt. 126. While Plaintiffs do not submit evidence explicitly showing that Michel has transferred assets of the defendant corporations, one document establishes that Michel obtained at least some of the funds used to purchase a property in Costa Rica via the sale of the Best Western hotel in Chehalis, Washington. Dkt. 127-1 at 12. This transaction was approved and regulated by the Ninth Circuit's order. *See* Dkt. 104.

On June 5, 2017, Michel responded. Dkt. 130. Michel argues that, once the Ninth Circuit mandate issued, neither this Court's nor the Ninth Circuit's injunctions were in effect to regulate the assets of the defendant corporations. *Id*. at 4–5. Without regulation by the courts, Michel asserts that he was free to "re-invest" the proceeds from the approved transactions. *Id*. While there is a dearth of authority for this proposition, it would seem that, after the mandate of reversal issued, the parties would be in the exact same position they were in before this Court entered judgment. Regardless, Plaintiffs are

rightfully concerned about the reinvestment of corporate assets into offshore personal accounts, which is what at least one document appears to establish. *See* Dkt. 127-1 at 8–15. Therefore, the Court **ORDERS** as follows:

1. A hearing on Plaintiffs' motion is set for 9:00 AM on June 14, 2017. The parties should be prepared to discuss whether the Court's previous order regulating the assets of the defendant corporations (Dkt. 50) remains in effect, and, if it does not, whether a new, similar order should issue.

2. Plaintiffs' motion is **GRANTED in part** and Defendants shall provide Plaintiffs with financial statements for the preceding month for each of the corporate Defendants. These financial statements shall include: (a) a Balance Sheet, (b) a Profit and Loss Statement, and (c) a Cash Flow Statement.

3. The Court reserves ruling on the remainder of Plaintiffs' motion.

**IT IS SO ORDERED**.

Dated this 7th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge