UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEAN PIERRE REY, et al., | CASE NO. C14-5093BHS |
| Plaintiffs, | ORDER |
| v. | |
| MICHEL REY, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Attorney Tattini and Watt Law's (together, "Watt") Motion to Foreclose Attorney Claim of Lien. Dkt. 216.

This case has a lengthy and convoluted history that will not be repeated here. Watt is a law firm based in Geneva, Switzerland. Watt claims that it has provided legal services to the Plaintiffs throughout this case, working closely with their U.S. attorney of record, Michael Hunsinger, to resolve the underlying dispute. Watt claims it was essentially the Reys' European local counsel. Watt and its attorneys are not eligible to, and have not sought to, appear in this case. Watt's claim of lien has caused a conflict that will require Hunsinger to withdraw. His motion to do so, Dkt. 225, is resolved in a separate order.

On November 24, 2020, Watt filed a Notice of Attorney Claim of Lien, under Chapter 60.40 RCW, for $242,643.06 USD. Dkt. 212. On January 25, 2021, Watt filed a Second Amended Notice of Attorney Claim of Lien, Dkt. 215. The revised claimed lien is $1,180,810.61 USD. Watt filed this Motion to Foreclose its lien the following day. Dkt. 216.

Each Notice recites that the lien is based on a July 11, 2019 Retainer Agreement between the Reys and Watt and that the lien amount reflects unpaid invoices Watt sent to the Reys, apparently at least partly for work it performed in support of this case. Dkts. 212, 213, 215, and 217-1. The Motion explains that the fees include amounts Watt spent in arbitrating a fee dispute[1] between the Reys and their former counsel, Ortoli Rosenstadt, over their work in this case. *See* Dkt. 216 at 3–5.

The Retainer Agreement reflects that the Reys engaged Watt on several legal matters, including the "American problem" (this case). It provides that any dispute arising from it shall be subject to expedited resolution by a single arbitrator in Geneva, under Swiss law, conducted in French:

> 9.4. This Convention is subject to Swiss law. Any dispute will be decided by arbitration under the Swiss International Arbitration Regulation. The number of referees is set at one, the language will be French and the seat in Geneva. The procedure will be expedited.

---

[1] Watt's attorney in this fee dispute, Mark Kimball of MDK Law, previously represented Ortoli Rosenstadt in its fee dispute arbitration with the Reys. *See* Dkts. 170, 178, and 193. A different law firm previously representing the Reys in this case, Smyth & Mason, had earlier filed a "statutory attorneys' lien" under Chapter 60.40 RCW. *See* Dkt. 111. Smyth & Mason filed a "notice of satisfaction and release of lien" in September 2019. Dkt. 181 (lien paid from proceeds of sales ordered in Dkt. 178). Watt was not mentioned in that Order. Dkt. 178.

Dkt. 217-1 at 7.

Watt's Motion to Foreclose claims that Watt is entitled to a lien under RCW 60.40.010, which provides in part:

> (1) *An attorney has a lien for his or her compensation*, whether specially agreed upon or implied, as hereinafter provided:
>     (a) Upon the papers of the client, which have come into the attorney's possession in the course of his or her professional employment;
>     (b) Upon money in the attorney's hands belonging to the client;
>     (c) Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party;
>     (d) *Upon an action*, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof *to the extent of the value of any services performed by the attorney in the action*, or if the services were rendered under a special agreement, for the sum due under such agreement[.]

RCW 60.40.010(1) (emphasis added). Watt claims that it has a lien under RCW 60.40.010(1)(d) on the settlement funds in the Court's Registry. It claims that because it was engaged to and did perform work on behalf of the Reys in furtherance of the settlement of this case, it has a property interest in the proceeds of that settlement. It argues that while Washington's attorney lien statute is silent about how such a lien shall be foreclosed, a truncated evidentiary hearing in this Court would comply with due process. Dkt. 216 (citing *King County v. Seawest Inv. Assocs., LLC*, 141 Wn. App. 304, 314 (2007)). It asks the Court to order such a proceeding.

The Reys' Response argues that because Watt was not and could not have been counsel in this case, it is not entitled to a lien on funds in this Court's Registry. Dkt. 224 at 7. The Reys also argue that the Retainer Agreement plainly requires Watt to arbitrate their fee dispute in Switzerland. Indeed, Jean Pierre Rey claims that Watt initiated such

an arbitration in March 2021. Dkt. 224-1 at 1 and 7 (Ex. B). They ask the Court to strike Watt's liens and "expunge them from the record." Dkt. 224 at 12.

The Reys rely on *Eden v. Wal-Mart Stores, Inc.*, No. C15-5669 BHS, 2018 WL 9593857 (W.D. Wash. May 14, 2018). In *Eden*, the plaintiff's attorney, Bailey, withdrew when Eden reneged on a settlement of his claim against Wal-Mart. The claim was later settled for a larger sum. Bailey asserted an attorneys' fee lien under RCW 60.40.010 and asked this Court to enforce it. This Court declined, holding "it is inappropriate to consider enforcement of Bailey's lien as part of the underlying action. Eden and Bailey entered into a contract that contains a provision governing the current dispute." *Id*. at *2. It denied the motion to enforce the lien.

Watt's Supplemental Reply, Dkt. 227, seeks the alternate relief. It asks the Court to permit it to retain its lien and to prohibit further disbursements of the funds in the Court Registry to the Reys, pending resolution of its fee claim. It denies that is has commenced a fee dispute arbitration but explains that it has instead issued Jean Pierre Ray a "Payment Order," which is part of the Swiss debt recovery process. Tattini Dec., Dkt. 228, at 2. It does not explain why it has not, cannot, or should not be required to commence such an arbitration consistent with the Retainer Agreement it drafted and required of the Reys as a condition of representing them, both in support of this case and in other matters.

Watt's Motion to Foreclose the Lien, or to order an evidentiary hearing on it, is **DENIED**. As both Watt and MDK Law are aware, Ortoli Rosenstadt—which *did* appear in this case but had an arbitration provision in their fee agreement—arbitrated their fee

dispute outside the context of this case, in accordance with their contract with the Reys. *See* Dkt. 192 (Motion to Confirm Arbitration Award). Watt has not appeared in this case, but it did agree exactly how any fee dispute with the Reys would be resolved: through an expedited arbitration, in Geneva, Switzerland, under Swiss law, and in French. Dkt. 217-1.

It is apparent that the Watt firm supported this case from Europe, and it may be partially responsible for the fact that the case settled and that there are funds in the Court Registry. But it was not counsel "in this action;" it is simply a creditor who agreed to resolve any disputes in arbitration. Notwithstanding the fact that the Reys have a history of attorneys' fees disputes, there is not a legal mechanism for permitting Watt to assert a lien on funds in a case it was not formally a part of, and there is a clear mechanism for it to recover their fees under the Retainer Agreement. The Rey's Motion to Strike the Liens, Dkt. 224, is **GRANTED**. Watt's motion to foreclose the liens, or for alternate relief, Dkts. 216 and 227, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge