UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEAN PIERRE REY, et al., | CASE NO. C14-5093 BHS |
| Plaintiffs, | ORDER |
| v. | |
| MICHEL REY, et al., | |
| Defendants. | |

THIS MATTER is before the Court on non-parties Vincent Tattini and Watt Law Sarl's (together "Watt") Motion for Reconsideration, Dkt. 232, of the Court's Order, Dkt. 231, denying Watt's Motion to Foreclose its claimed attorneys' fee lien under RCW 60.40.010.

The Court concluded that Watt and Plaintiffs had agreed to arbitrate any fee disputes in Geneva and that Watt was not Rey's counsel "in this action." Dkt. 231 at 5. It therefore denied Watt's motion and its request for a truncated evidentiary hearing adjudicating its claimed right to fees in this Court. It also denied Watt's alternate claim (first raised in its Supplemental Reply, Dkt. 227) for a continuing lien on the funds currently in the Court registry, pending resolution of the fee dispute in Geneva. *Id.* at 4.

ORDER - 1

1    Watt seeks reconsideration, arguing that it has a valid lien on the funds in the
2    Court registry and asking the Court to at a minimum recognize its lien and to prohibit any
3    further disbursements until the fee dispute is resolved. It argues that it has a property
4    interest in its clients' funds and that it would be manifest error to strike its claimed
5    attorneys' fee lien. Dkt. 232 at 2.

6    The Court asked Plaintiff Jean Pierre Rey to respond to the Motion under Local
7    Rule 7(h), Dkt. 233, and he has done so, Dkt. 234. The Court did not seek a Reply. *See*
8    W.D. Wash. LCR 7(h)(3) (the Court "may authorize a reply"). Nevertheless, Watt filed a
9    Reply, Dkt. 236, arguing for the first time that a different Watt client—Vistatrade, Inc.,
10   the owner and seller of the properties that generated the funds in the Court Registry—has
11   an interest in those funds. Watt claims that Vistatrade (a defendant in this action,
12   seemingly adverse to Watt's other client, Plaintiff Jean Pierre Rey) did not have a
13   Retainer Agreement requiring arbitration of any fee dispute and thus that its attorneys'
14   lien applies to the funds.

15   Rey filed a surreply, Dkt. 237, pointing out that Watt claims the fees are owed by
16   Rey, not Vistatrade, and that the settlement gave Vistatrade no interest in the funds in the
17   Court Registry. *Id*. at 2. Watt filed a surreply, Dkt. 238, moving to strike Rey's surreply
18   as improper and not authorized under the Local Rules. That motion is **DENIED**.

19   The argument that the funds are owned or owed by Vistatrade is also rejected
20   because it was raised for the first time in an unauthorized reply in support of a motion for
21   reconsideration. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that
22   courts generally decline to consider arguments raised for the first time in a reply brief).

1  Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will
2  ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b)
3  facts or legal authority which could not have been brought to the attention of the court
4  earlier, through reasonable diligence. The term "manifest error" is "an error that is plain
5  and indisputable, and that amounts to a complete disregard of the controlling law or the
6  credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

7  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests
8  of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,
9  229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,
10 absent highly unusual circumstances, unless the district court is presented with newly
11 discovered evidence, committed clear error, or if there is an intervening change in the
12 controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d
13 873, 880 (9th Cir. 2009).

14 An attorney has a lien for his or her compensation "upon an action . . . and its
15 proceeds . . . to the extent of the value of *any services performed by the attorney in the*
16 *action*." RCW 60.40.010(1)(d) (emphasis added). Watt claims that it was counsel in this
17 action and that it has a property interest in the funds now in the court registry. It so argues
18 even though it agreed to arbitrate any fee dispute with Rey, and notwithstanding the fact
19 it did not and could not have appeared in this action. Dkt. 232.

20 Watt concedes that some of the fees it seeks relate to legal services it provided to
21 the Reys in their fee dispute with their prior counsel in this case, Ortoli Rosenstadt. But
22

that dispute was not part of this action; it was a separate arbitration, conducted in accordance with the Reys' fee agreement with that law firm.

Watt's efforts to distinguish *Eden v. WalMart Stores, Inc.*, No. C15-5669 BHS, 2018 WL 9593857 (W.D. Wash. May 14, 2018), are also unavailing. In *Eden*, this Court rejected an attorneys' effort to foreclose a lien where he had agreed to submit his fee claim to the Washington State Bar's arbitration program. *Id*. at *2. It so held even though that attorney (like Ortoli Rosenstadt, and unlike Watt) *was* counsel in the underlying action. The Court did not strike the lien, and the disputed funds were not in the Court's registry, but *Eden* is not support for Watt's claim. Instead, Watt essentially seeks to assert a pre-judgment writ of attachment or garnishment on funds that it hopes may be used to satisfy a European arbitration award it has not yet obtained. Such a claim is not consistent with the language or the intent of Washington's attorneys' lien statute, and funds in this Court are not subject to attachment. *See Law Offs. David Efron, PC v. Candelario*, 842 F.3d 780 (1st Cir. 2016).

Watt's Motion for Reconsideration, Dkt. 232, is **DENIED**.

IT IS SO ORDERED.

Dated this 28th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge